O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6751 PSG (Shx) | Date | February 13, 2009 |
|---|---|---|---|
| Title | David Ovalle v. The Fresno Bee Newspapers | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order Denying Plaintiff's Motion

    David Ovalle ("Plaintiff") seeks an order directing the United States marshal to serve seven employees of Defendant The Fresno Bee Newspaper with the summons and complaint. For the reasons that follow, that request is denied.

    Federal Rule of Civil Procedure 4(c)(3) provides that at a plaintiff's request, the Court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the Court. The Court must do so if the Plaintiff is proceeding in forma pauperis under 28 U.S.C. § 1915 or as a seaman pursuant to 28 U.S.C. § 1916, but those provisions are not applicable here because Plaintiff does not proceed in forma pauperis or as a seaman.

    As evidenced by the word "may" in Rule 4(c)(3), the Federal Rules of Civil Procedure give the Court discretion to appoint the marshal for service. The Advisory Committee Notes provide examples of situations where the Court should exercise its discretion in the plaintiff's favor. For instance, appointment is generally proper where a law enforcement presence appears to be necessary or advisable to keep the peace, or in actions brought by the United States. *Adv. Comm. Note to 1993 Amendments*. Some courts apply a "reasonableness" standard in determining whether to appoint the Marshal. *See, e.g., Rose v. Abraham*, 2008 U.S. Dist. LEXIS 96805 (E.D. Cal. 2008).

    Plaintiff's motion suffers from three fatal faults. First and foremost, Plaintiff seeks to serve seven people who are not parties to the lawsuit. It is well-established that the complaint designates the original parties–plaintiffs and defendants. In this instance, the complaint

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

#6

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-6751 PSG (Shx) | Date | February 13, 2009 |
|---|---|---|---|
| Title | David Ovalle v. The Fresno Bee Newspapers | | |

designates as plaintiff, David Ovalle, and as defendants, The Fresno Bee Newspapers and McClatchy Newspapers, Inc ("Defendants").  However, the complaint does not name as defendants the seven people who Plaintiff now seeks to serve, much less even reference them.  Accordingly, from the face of the complaint it is apparent that the seven people Plaintiff now seeks to serve are not parties to the suit.  To expend already limited governmental resources serving these people would be both unnecessary and wasteful.  For this reason alone, the Court must deny Plaintiff's request.

Second, this is not an instance where law enforcement presence appears to be necessary.  While Plaintiff states that there are issues regarding security clearance (presumably at the offices where these seven people work), *see Mot.* at 2:19-21, the existence of security clearance, in and of itself, is not enough to warrant the appointment of a marshal.

Third, while Plaintiff states that he does not have the ability or the resources to contact any person or process server within Sacramento or Fresno, Plaintiff has provided no proof of his lack of ability or resources.  Thus, the Court is unable to conclude that he has exhausted other reasonable methods of effecting service.

Based on the foregoing, Plaintiff's motion is DENIED.

**IT IS SO ORDERED.**