O/ Link to doc #12/ JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6751 PSG (Shx) | Date | March 9, 2009 |
|---|---|---|---|
| Title | David Ovalle v. The Fresno Bee Newspapers, et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) GRANTING Defendant's Motion to Dismiss or, in the Alternative, Motion to Transfer Venue**

Before this Court is Defendant's Motion to Dismiss or, in the Alternative, Motion to Transfer Venue. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court hereby GRANTS the Motion.

I.  BACKGROUND

David Ovalle ("Plaintiff") was hired by The Fresno Bee Newspaper ("Defendant") on or about March 17, 1997 in one of Defendant's Fresno offices. After approximately one year and three months of working as a pre-press employee, Plaintiff requested to be transferred to the Ad/Design Department as an Advertising Technician in the same Fresno office. Plaintiff's request was granted. As an Advertising Technician, Plaintiff's new responsibilities included ad material checking, docket station routing, docket and film stocking, performing clerical tasks, courier routing, conducting missing ads research, and accounting. While checking ad material, Plaintiff had to double-check advertisement numbers, sizes, fonts and other information to ensure that the advertisements were processed correctly and in accordance with the customers' orders.

Plaintiff alleges that he is legally blind in the left eye since birth, a condition which he characterizes as "chronic and degenerative." Plaintiff further alleges that as a result of his condition, his ability to read "fine and up to regular point size print . . . within a satisfactory or consistent level" has been impaired and that this condition bears some relation to dyslexia,

O/ Link to doc #12/ JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6751 PSG (Shx) | Date | March 9, 2009 |
|---|---|---|---|
| Title | David Ovalle v. The Fresno Bee Newspapers, et al. | | |

which he also suffers from. In addition, Plaintiff alleges that factors existing as part of his everyday work environment with Defendant worsened his chronic eye condition and inhibited his ability to perform his job. Mainly, such factors were office light and having to share office equipment (e.g., phones, computers, etc.) with eight other departments without a routine disinfecting or cleansing policy in place. Such factors caused Plaintiff to have additional symptoms such as pain, swelling, redness, scarring, and watering of Plaintiff's left eye.

According to Plaintiff, he made multiple requests for special accommodation for his condition. These requests were all denied despite the fact that Defendant was aware of Plaintiff's eye condition.

On April 19, 2006, Plaintiff was terminated by Defendant. Subsequent to his termination, Plaintiff, on June 8, 2006, filed a first Charge of Discrimination ("COD") with the Department of Fair Employment and Housing ("DFEH") and the Equal Employment Opportunity Commission ("EEOC"), alleging that he was being denied premium hours because of his sex, as evidenced by the alleged fact that his female co-workers with less seniority received premium hours. On August 22, 2006, Plaintiff filed a second COD with the EEOC, alleging that he was denied promotion opportunities because of his gender and national origin (Hispanic). In the same COD, Plaintiff also alleged that he was terminated on the basis of his disability and denied reasonable accommodation in violation of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.

On August 20, 2007, the EEOC issued a Dismissal and Notice of Rights, stating that the EEOC was unable to conclude that the information obtained established violations of ADA and/or the Equal Pay Act ("EPA") 29 U.S.C. § 206(d). With respect to the ADA claim, the Notice stated that Plaintiff must file a lawsuit within ninety days of receipt of the Notice or his right to sue based on that charge would be lost. With respect to the EPA claim, the Notice stated that EPA suits must be filed in federal or state court within two years (three years for willful violations) of the alleged EPA underpayment.

On October 15, 2007, Plaintiff lodged a *pro se* complaint with the United States District Court, Central District. That day, he also submitted a petition to proceed in forma pauperis ("IFP"). Eventually, the Court denied Plaintiff's petition pursuant to 28 U.S.C. §§ 1915(a)(1) & 1915(e)(2) on the ground that Plaintiff's complaint failed to state a claim on which relief may be granted. Also, the complaint was never filed with the Court because Plaintiff failed to pay the court filing fee. On November 19, 2007, Plaintiff's complaint was terminated and returned to Plaintiff.

**O/ Link to doc #12/ JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6751 PSG (Shx) | Date | March 9, 2009 |
|---|---|---|---|
| Title | David Ovalle v. The Fresno Bee Newspapers, et al. | | |

On October 14, 2008, Plaintiff filed a new *pro se* complaint with the court. This complaint has since been amended twice. Then, Defendant, on January 27, 2009, filed the present motion to dismiss Plaintiff's SAC or, in the alternative, transfer.[1]

II.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nevertheless, even though a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (internal citations omitted). Rather, the complaint must allege sufficient facts to raise a right to relief above the speculative level. *Id*. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). However, detailed and "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

In deciding a 12(b)(6) motion, a court must accept all factual allegations in the complaint as true. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Courts must also construe all reasonable inferences in the light most favorable to the plaintiff. *See Broam v. Bogan*, 320 F. 3d 1023, 1028 (9th Cir. 2003). To further the inquiry, courts may consider documents outside the pleadings without the proceeding turning into summary judgment. *See Branch v. Tunnell*, 14 F. 3d 449, 453 (9th Cir. 1994), *reversed on other grounds*. A document, however, may be considered only if it is alleged in the complaint, and its authenticity is not questioned. *See id.*

Where a plaintiff proceeds *pro se*, the Court must liberally construe the complaint.

---

[1] On February 12, 2009, Plaintiff filed a "Declaration of Readiness to Proceed (In response to the defense motions)." The Court deems this Declaration to be Plaintiff's Opposition.

O/ Link to doc #12/ JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6751 PSG (Shx) | Date | March 9, 2009 |
|---|---|---|---|
| Title | David Ovalle v. The Fresno Bee Newspapers, et al. | | |

*Bernhardt v. Los Angeles County*, 339 F. 3d 920, 925 (9th Cir. 2003) ("Court have a duty to construe *pro se* pleadings liberally including *pro se* motions as well as complaint."). In fact, the Supreme Court has held that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (internal quotation marks and citations omitted).

III. DISCUSSION

Defendant presently moves to dismiss Plaintiff's SAC under Rule 12(b)(6) for failure to state a claim. In the alternative, Defendant moves to transfer venue.

A. Motion to Dismiss Plaintiff's SAC Pursuant to FRCP 12(b)(6)

1. Violations of the ADA and Title VII

The Court first considers whether Plaintiff's claims for violations of the ADA and Title VII survive the present motion to dismiss. Defendant argues that dismissal is appropriate under Rule 12(b)(6) because his claims are time-barred, as Plaintiff failed to file a lawsuit within ninety days of receiving notice of his right to sue from the EEOC. The Court agrees.

A plaintiff must file suit in federal district court alleging violations of the ADA and Title VII within ninety days of receipt of a right-to-sue notice from the EEOC. 42 U.S.C. § 2000e-5(f)(1); *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). A suit is deemed filed when a complaint is submitted to the clerk along with the filing fee. *See* Fed. R. Civ. P. 3; L.R. 3-2. Where the plaintiff is unable to pay the filing fee, he may submit a petition to the court to proceed in forma pauperis. If the judge approves the IFP petition, the complaint is deemed filed upon the judge's approval. *See Williams-Guice v. Board of Educ.*, 45 F.3d 161, 162 (7th Cir. 1995) (interpreting 28 U.S.C. § 1915(a)). However, in cases where the judge rejects an IFP petition, the complaint is not deemed "filed" until the date the filing fees are paid. *Id.*

Here, Plaintiff's ninety-day period began running on August 20, 2007, the day Plaintiff received his right-to-sue notice. *Foster Decl.* Ex. C. On October 15, 2007, fifty-six days after receiving the right-to-sue-notice, Plaintiff lodged a complaint with the district court alleging violations of the ADA and Title VII. *See Ovalle v. The Fresno Bee Newspaper*, CV 07-6999. Lodging is not, however, the same thing as filing. As Local Rule 5-1 makes clear, "lodge" means "to deliver to the Clerk a document which is tendered to the Court but is not approved for filing, such as a proposed form of order." And while the Court recognizes that Plaintiff

**O/ Link to doc #12/ JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6751 PSG (Shx) | Date | March 9, 2009 |
|---|---|---|---|
| Title | David Ovalle v. The Fresno Bee Newspapers, et al. | | |

submitted a petition to proceed in forma pauperis, the Court is also aware that the petition was denied. Accordingly, Plaintiff was required to pay the filing fee in order for his complaint to be deemed filed. *Williams-Guice*, 45 F.3d 161 at 162. Plaintiff, however, failed to do so.

After the case relating to the first complaint was terminated, Plaintiff did not file a complaint in this matter until October 14, 2008. Even if the Court were to toll the statute of limitations during the time period of October 15, 2007 and November 19, 2007,[2] Plaintiff's second attempt at prosecuting this case is still patently untimely. At the very least, Plaintiff filed his complaint 385 days after receiving his right-to-sue notice. Therefore, Plaintiff's claims under the ADA and Title VII are time-barred.

Although "[t]he court does not have the power to alter the 90 day statute of limitations" *Mann*, 324 F.3d at 1090, in some instances courts have suspended the statute of limitations if equity requires such action. For instance, courts sometimes apply the doctrine of equitable estoppel, which is also known as "fraudulent concealment." *See, e.g., Humphries*, 343 F. Supp. 2d at 674. Under this exception, a limitations period is suspended when a defendant takes active steps to prevent the plaintiff from timely suing, such as by hiding evidence or promising not to plead the statute of limitations. *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1176-77 (9th Cir. 2000); *Humphries*, 343 F. Supp. 2d at 674. However, equitable estoppel is not applicable here since Plaintiff's SAC neither alleges nor provides a basis to suspect that Defendant purposely hindered Plaintiff's ability to file a timely complaint.

A second exception is the doctrine of equitable tolling. *Santa Maria*, 202 F.3d at 1176-77; *Humphries*, 343 F. Supp. 2d at 674. Equitable tolling permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim. *Id.* Unlike equitable estoppel, equitable tolling does not depend on any wrongful conduct by the defendant to prevent the plaintiff from suing; rather, it focuses on whether there was excusable delay by the plaintiff. *Santa Maria*, 202 F. 3d at 1176-77. As was the case with the first exception, Plaintiff's SAC neither alleges nor provides a basis to infer that his untimely filing was the result of his inability to obtain information that was

---

[2] "For purposes of the statute of limitations, when an IFP petition is submitted to the clerk, the court will temporarily suspend or toll the limitations period while the court determines whether to grant or deny the IFP petition." *Humphries v. CBOCS W., Inc.*, 343 F. Supp. 2d 670, 673 (N.D. Ill. 2004); *see also Jarrett v. U.S. Sprint Commc'ns Co.*, 22 F.3d 256, 259 (10th Cir. 1994).

O/ Link to doc #12/ JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6751 PSG (Shx) | Date | March 9, 2009 |
|---|---|---|---|
| Title | David Ovalle v. The Fresno Bee Newspapers, et al. | | |

essential to establishing his claim. In fact, the opposite appears true. Plaintiff has, since the time he worked for Defendant to the time of his employment, known all the relevant facts.

In summary, Plaintiff failed to timely file his ADA and Title VII claims. Therefore, the court GRANTS Defendant's Motion to Dismiss insofar as the Motion relates to Plaintiff's ADA and Title VII claims. As amendment would be futile, this dismissal is with prejudice. *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990).

        2.        Plaintiff's Remaining State Law Claims

Although unclear from the SAC, it appears that Plaintiff may be asserting state law claims as well. The caption of his SAC mentions "wrongful termination," and his SAC makes passing reference to other causes of action, including harassment, retaliation, invasion of privacy, illegal search and seizure of person and property, and other vaguely averred labor law claims. *See SAC* 4:23-27. If Plaintiff does in fact assert claims under state law, these claims fail under Federal Rule of Civil Procedure 8(a) ("Rule 8(a)"). Under Rule 8(a), fine details in the complaint are not required: "notice" pleading is sufficient. *Erickson*, 127 S. Ct. at 2200. However, the SAC does not even meet the "modest" requirements of notice pleading. It is entirely unclear whether Plaintiff in fact seeks to pursue legal theories under state law and, if he does, what those theories are. The lack of guidance provided by the SAC makes it virtually impossible for Defendant to raise a defense. Accordingly, the Court finds that the SAC does not give Defendant fair notice of what the state law claims are, if any, and the grounds upon which they rest. *Bell Atl. Corp.*, 127 S. Ct. at 1964.

For this reason, the Court dismisses the remainder of Plaintiff's state law claims, without prejudice.[3]

    B.    Motion to Transfer

As the Court has already dismissed this action, this motion is moot.

IV.    CONCLUSION

---

[3] Plaintiff's remaining state law claims are also dismissed for improper venue. *See* 28 U.S.C. § 1404(a).

O/ Link to doc #12/ JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-6751 PSG (Shx) | Date | March 9, 2009 |
|---|---|---|---|
| Title | David Ovalle v. The Fresno Bee Newspapers, et al. | | |

Based on the foregoing, the Court GRANTS Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**